(C. D. 775)

L. OPPLEMAN, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 5, 1943)

*Tompkins & Tompkins (Allerton deC Tompkins* of counsel) for the plaintiff. *Paul P. Rao,* Assistant Attorney General (*John J. McDermott, Charles J. Miville,* and *Joseph B. Brady,* special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges; COLE, J., not participating

OLIVER, Presiding Judge: The merchandise in the case at bar consists of prism binoculars exported from France and entered at the port of New York. Prism binoculars are *eo nomine* provided for in paragraph 228 (a) of the current Tariff Act of 1930 as follows:

PAR. 228. (a) * * *, prism-binoculars * * *; all the foregoing, finished or unfinished, 60 per centum ad valorem.

The aforesaid paragraph was modified by the trade agreement with France in 1936 (T. D. 48316) as follows:

228 (a) Prism binoculars, having a magnification of five diameters or less, and valued at not more than $12 each, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished 45% ad val.

Upon entry these binoculars (8 diameters and valued at not more than $12 each) were assessed for duty at 60 per centum ad valorem under the provisions of paragraph 228 (a) of the Tariff Act of 1930. They are claimed properly dutiable at 45 per centum ad valorem by virtue of the provisions of the aforementioned trade agreement (T. D. 48316).

Paragraph 228 (a), as it appears in the trade agreement quoted above, reads insofar as pertinent:

Prism binoculars, having a magnification of five diameters or less, and valued at not more than $12 each   *   *   *.

Plaintiff contends that the above paragraph should be interpreted as though it read:

Prism binoculars, having a magnification of five diameters or less, *or* valued at not more than $12 each.

or:

Prism binoculars having a magnification of five diameters or less, *and prism binoculars* valued at not more than $12 each.

Plaintiff further contends that said paragraph in the trade agreement is ambiguous and therefore evidence is properly admissible to show the intent of the negotiators of the trade agreement.

The Government, in opposing the protest and upholding the action of the collector, contends that said paragraph 228 (a) as it appears in the trade agreement is clear and unambiguous; that it means exactly what it says; that there is therefore no basis for inquiry into the intention of the negotiators; and that the action of the collector was proper and the protest should be overruled.

Upon the trial plaintiff was permitted, over defendant's objections, to introduce various exhibits and considerable oral testimony tending to establish that the French negotiators intended the said paragraph in the trade agreement to mean what plaintiff contends was the real intention of the parties; namely, that not only binoculars of 5 diameters or less, valued at not more than $12 each, should receive the benefit of the reduction, but that all prism binoculars valued at not more than $12 each, regardless of their power of magnification, should benefit in like manner. The result would be that the binoculars in the instant case, which are of 8 diameters, would be subject to the provisions of the trade agreement solely for the reason that they are valued at not more than $12 each. It is claimed that this intention of the French negotiators is expressed by the counsel for the French Embassy through a letter sent to the Secretary of State under date of July 16, 1936 (exhibit 2), which date is subsequent to the effective date of the French Trade Agreement hereinabove referred to (June 15, 1936). This letter of the counsel for the French Embassy was admitted in evidence over the objection

of defendant's counsel which objection, however, was directed to the competency, relevancy, and materiality of the document, but objection was waived as to its form. Subsequently, defendant's counsel introduced in evidence a letter from Francis B. Sayre, Assistant Secretary of State, dated September 14, 1936, in reply to the above letter (exhibit 2), which was received in evidence without objection (exhibit 3). This letter from the Assistant Secretary of State took direct issue with the counsel for the French Embassy and made it very clear, at least insofar as the United States negotiators were concerned, that there was no misunderstanding and that "the Treasury Department must decline to admit French prism binoculars at the rate of 45 percent ad valorem, unless they have a magnification of 5 diameters or less and are valued at not more than $12 each."

Plaintiff also introduced in evidence considerable statistical data tending to establish that practically all importations of prism binoculars from France in 1935, amounting to $82,648 in value, consisted of binoculars of more than 5 diameters, valued at not more than $12 each. Plaintiff also introduced in evidence an analysis of the general provisions and reciprocal concessions under the said trade agreement (exhibit 4); an extract from "Foreign Commerce and Navigation of the United States—Calendar Year 1935" (exhibit 5); and various reports showing number of pieces and values of prism binoculars imported into the United States from France in 1935 at various ports and by individual importers (exhibits 6 to 11). Of these exhibits plaintiff stresses in particular exhibit 4 which lists the value of the imports of prism binoculars from France in the year 1935 as being affected by the concessions granted by the United States in the trade agreement, this value being the item of $82,648 which plaintiff has sought to show consisted almost entirely of binoculars of greater than 5 diameters and valued at not more than $12 each. From this fact plaintiff argues that as this total value of importations in 1935 covered prism binoculars of the type which it claims should be covered by the trade agreement, that the language used in the trade agreement should be interpreted so as to cover such merchandise.

No evidence was introduced by the Government other than the letter from the State Department (exhibit 3) hereinbefore referred to.

At the outset let it be stated that it is our opinion that said paragraph 228 (a), as amended by the French Trade Agreement (T. D. 48316), is clear and unambiguous. In the absence of additional evidence, it is clear that to obtain the benefit of the reduction in duty provided for in the said trade agreement, prism binoculars imported from France must be of 5 diameters or less, and valued at not more than $12 each. If the diameter in any instance was greater than 5, or if 5 diameters or less, and valued at more than $12 each, the article would

not receive the benefit of the reduction in duty provided for in the trade agreement.

It is our opinion that no ambiguity exists in paragraph 228(a) as it appears in the trade agreement and we would point out that the conditions stressed by plaintiff as reasons why said paragraph should receive an interpretation other than that which naturally flows from its reading are brought about by the evidence introduced in support of contentions of plaintiff's counsel and not by the trade agreement text itself. The alleged ambiguity requiring interpretation must appear textually in the paragraph itself and may not merely be created for the purpose of clearing it away.

In *Cohn & Lewis* v. *United States*, 25 C. C. P. A. 220, T. D. 49335, in a concurring opinion, Judge Bland said (page 227):

* * *. Some language must be found in the statute that calls for construction before its plain meaning can be ignored. * * *. *It is well settled that we cannot go to the legislative history of a statutory provision to produce ambiguity.* [Italics supplied.]

As it is our opinion that no ambiguity exists herein, there is no basis for recourse to the alleged intentions of the negotiators of the trade agreement, and no situation is presented where such intentions, if different from the expressed language of the paragraph, would control.

In our judgment, however, no good purpose would be served by stopping at this point. The entire record should be considered and the conflicting contentions of the parties disposed of insofar as possible.

If we may assume, without conceding, that some ambiguity did exist and that there was some basis for plaintiff's contention that the negotiators intended something different from the obvious meaning to be drawn from the wording of the paragraph in the trade agreement, then the record before us clearly established that as far as one party to the agreement (State Department) is concerned, there was no intention other than that clearly expressed by the parties in the words of the trade agreement. There was no mistake, there is no ambiguity, the language is clear, and we simply have a situation where at a date subsequent to the execution and operation of an agreement one of the parties claims he intended that the language used be interpreted as meaning something different from its obvious meaning.

Plaintiff has argued at great length that the word "and" as used in paragraph 228 (a) of the trade agreement should be interpreted in its disjunctive sense as meaning "or." In support of this position our attention has been directed to many cases in which this question has been discussed. It is significant in this connection to note that wherever our courts have permitted the change of "and" to "or," or the reverse, it has been in situations where the change advocated and permitted would be consistent with the manifest intent of Congress

and intended to carry out such intent. On the other hand, it has been made clear that such changes in grammatical construction will not be permitted where the original text conveys a clear intent and therefore does not call for interpretation.

In *Rice et al. v. United States*, 53 Fed. Rep. 910, the Circuit Court of Appeals there said (page 911):

* * *. The primary rule for the interpretation of a statute requires that it shall be interpreted according to the grammatical sense of the words in which the statute is expressed. * *. *.

\* \* \* \* \* \* \*

Congress is presumed to have used the appropriate words to convey its meaning, and when these words are not of doubtful meaning the court must give them effect. It cannot substitute, for the clear expressions which congress has actually used, other expressions, which the court think congress ought to have used.

In *Edgar Allen Steel Co. (Inc.) et al. v. United States*, 16 Ct. Cust. Appls. 26, T. D. 42715, the court had before it the words "steel * * * containing molybdenum and tungsten" in paragraph 305, Tariff Act of 1922. The court said (page 29):

The language * * * is not ambiguous and will result in no absurdity or conflict with any other part of the statute, if given the definite meaning which its words clearly import. The courts are, therefore, bound to determine the intention of Congress by the language which was actually used and have no right to give any meaning to such language other than that conveyed by the words, terms, or expressions in which the legislative will was expressed.

With equal force it may be said that in the case at bar we should not give a meaning to the words other than that in which the will and intent of negotiators of the trade agreement was expressed. It seems obvious that if the negotiators of the French Trade Agreement had intended to cover all prism binoculars, regardless of degree of magnification, valued at less than $12 each, as claimed by plaintiff, they could and would have said so.

Upon the entire record herein, we find that the plaintiff has failed to overcome the presumptively correct action of the collector and the protest is therefore overruled.